UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JEANETTE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:14-CV-165-BG |
| ) | ECF |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Jeanette Wright was permitted to file this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2)(B). She appeals a decision of the Social Security Administration.

Based on attachments to her complaint, Wright alleged in applications for disability insurance benefits and supplemental security income that she became disabled on July 17, 2009, as a result of asthma, diabetes mellitus, sarcoidosis, degenerative disk disease, hypertension, and other impairments. Attachments to her complaint show that an Administrative Law Judge (ALJ) held a hearing and issued a decision on May 31, 2013, finding therein that Wright became disabled beginning on April 24, 2013, but not prior to that date. Pl.'s Compl. 8–22. The attachments to Wright's Complaint also show that the Appeals Council denied review on July 25, 2014. *Id*. at 23–27. Once the Appeals Council denied review, the ALJ's decision became the Commissioner's final decision. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (holding that the Commissioner's decision becomes final when Appeals Council denies review).

Wright filed this action on September 30, 2014, sixty-seven days after the Appeals Council issued its decision. After considering the foregoing facts and the applicable law, the undersigned

magistrate judge recommends that the district court find that Wright failed to file this action within the statutory time frame and has therefore failed to state a claim upon which relief can be granted and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.     Discussion

The Social Security Act requires a claimant seeking court review of a decision denying benefits to initiate suit within sixty days after the Commissioner's final decision or "within further time as the [Commissioner] may allow." 42 U.S.C. § 405(g) (2015). The Commissioner's regulations implement the Commissioner's authority to allow "further time" in 20 C.F.R. § 422.210(c), which directs that notice of the Commissioner's final decision is presumed to be five days from the date of the decision and mailing of same. Accordingly, the regulations extend the period in which a claimant must file suit from sixty to sixty-five days, and the time period begins to run on the date the notice is dated. *See id*. Wright was advised of the sixty-five day time limit in the "Notice of Appeals Council Action" dated July 25, 2014. Pl.'s Compl. 23.

As noted above, Wright filed this action on September 30, 2014, sixty-seven days after the Appeals Councils' decision was mailed; she therefore filed her Complaint two days outside of the statutory time limit.

The time period in which a claimant must file suit for judicial review is not jurisdictional; rather, the time period constitutes a period of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Matthews v. Eldridge,* 424 U.S. 319, 328 n.9 (1976)). As such, the limitations period during which a Social Security claimant may file suit constitutes a waiver of sovereign immunity and must be strictly construed. *Id*. (citation omitted); *Clifton v. Heckler*, 755 F.2d 1138, 1144 (5th Cir. 1985). Because Wright filed this action two days late, she has failed to state a claim

upon which relief can be granted. And because Wright was permitted to file this action *in forma pauperis*, this court may dismiss the action *sua sponte*: a district court may raise the issue of limitations *sua sponte* and dismiss an action if it is clear from the face of the complaint that the action is barred by a statutory time limitation. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

While it may appear harsh to dismiss an action filed only two days late, courts strictly apply the filing deadline and have dismissed actions filed only one day late. *See*, *e.g.*, *Roberts v. Shalala*, 848 F. Supp. 1008, 1011 (M.D. Ga. 1994) (collecting cases); *Richardson v. Sec'y of Health, Educ. and Welfare Soc. Sec. Admin.*, 403 F. Supp. 1316, 1318 (D.C. Pa. 1975) (acknowledging "no option" but to dismiss complaint filed two days after statutory time frame in § 405(g) and noting that the court lacked discretion to "nullify the conditions imposed"; the time frame "is legislative and cannot be altered by the courts") (quotations omitted).

Thus, although the consequences of failing to meet a statutory time frame may invoke sympathy for a plaintiff, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of . . . sympathy for [a] . . . litigant[]." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

**II.     Recommendation**

The undersigned recommends that the district court find that Wright filed this action after the time period provided in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The undersigned further recommends that the district court deny any pending motions as moot.

### III.    <u>Right to Object</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:    May 15, 2015.

                                              NANCY M. KOENIG
                                              United States Magistrate Judge